IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LIZA S.,[1]

    Plaintiff,

v.                                                                                     2:24-cv-01265-JMR

FRANK BISIGNANO,[2] Commissioner
of the Social Security Administration,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on plaintiff Liza S.'s Opening Brief (Doc. 16), filed on April 22, 2025. Doc. 16. Defendant filed a response. Doc. 22. Plaintiff did not file a reply, and the time for doing so has now passed. *See* Doc. 7 (Plaintiff's reply due fourteen days after Commissioner's response). The parties consented to my entering final judgment in this case. Docs. 5, 9, 10. Having meticulously reviewed the entire record and being fully advised in the premises, I find that Plaintiff's motion is not well-taken, and it will be DENIED.

**I.     Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision[3] is supported by substantial evidence and whether the correct legal standards were

---

[1] Due to sensitive personal and medical information contained in this opinion, the Court uses only the plaintiff's first name and last initial. In so doing, the Court balances the plaintiff's privacy interest in her personal medical information, *United States v. Dillard*, 795 F.3d 1191, 1205–06 (10th Cir. 2015), and the public's interest in accessing the opinion, FED. R. CIV. P. 5.2(c)(2)(B).

[2] Frank Bisignano became the Commissioner of the Social Security Administration on May 7, 2025, and is automatically substituted as the defendant in this action. FED. R. CIV. P. 25(d).

[3] The Court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 416.1481, as it is in this case.

applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands, and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks and brackets omitted). The Court must meticulously review the entire record, but it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. A decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While the Court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

II.     **Applicable Law**

The Commissioner's regulations provide that a claimant must complete a four-step administrative review process to obtain a judicially reviewable final decision. 20 C.F.R. §

416.1400(a).[4]  This four-step process includes an initial determination (step one), a claimant's request for reconsideration of the initial determination (step two), a claimant's request for a hearing by an ALJ (step three), and a claimant's request for review of the ALJ's decision by the Appeals Council (step four).  20 C.F.R. §§ 416.1400(a), 416.1402, 416.1404(b), 416.1407, 416.1429, 416.1430, 416.1467, 416.1481, 422.210; s*ee also Smith v. Berryhill*, 587 U.S. 471, 475–76 (2019).

At step three, if a claimant fails to timely request a hearing and the ALJ does not find good cause for a claimant's untimeliness, the ALJ may dismiss the request for a hearing.  20 C.F.R. § 416.1457(c)(3).  In determining whether claimant has good cause for failing to timely request a hearing, the ALJ will consider any physical, mental, educational, or linguistic limitations that a claimant might have.  20 C.F.R. § 416.1411(a)(4).  The claimant may ask the ALJ or the Appeals Council to vacate the dismissal.  20 C.F.R. § 416.1460(a).  The ALJ or Appeals Council will vacate the dismissal only if the claimant shows the dismissal was erroneous.  *Id.*

**III.   Background and Procedural History**

Plaintiff filed an application for Supplemental Security Income ("SSI") on December 9,

---

[4] This Court has jurisdiction to review "any final decision of the [agency] made after a hearing to which [Plaintiff] was a party. . . ."  42 U.S.C. § 405(g).  Courts are split on whether they have jurisdiction to review a case where no ALJ hearing has been held.  The Tenth Circuit has not addressed the issue.  The Court, however, is persuaded by those courts finding jurisdiction in these circumstances.  *See Curlee v. Comm'r of Soc. Sec.*, No. 1:20-CV-00145-SAB, 2022 WL 993005, at *3 (E.D. Cal. Apr. 1, 2022), aff'd sub nom. *Curlee v. O'Malley*, No. 22-15655, 2024 WL 2103275 (9th Cir. May 10, 2024) (collecting cases and explaining why the reasoning in *Smith v. Berryhill*, 587 U.S. 471 (2019), while not directly on point, warrants finding jurisdiction when the ALJ has dismissed a request for a hearing).  In addition, the Commissioner elected "not to invoke § 405(g) as a potential bar to judicial review and accept[ed] the Court's authority to review the ALJ's dismissal of Plaintiff's hearing request. . . ."  Doc. 22 at 2.

2021.[5]  AR 30–35.  The Social Security Administration ("SSA") denied her claim initially on July 5, 2022.  AR 26–29.  Plaintiff filed a request for reconsideration on July 13, 2022.  AR 22–24.  The SSA denied her claim on reconsideration on August 10, 2023.  AR 19–21.  The SSA notified Plaintiff that she had 60 days to ask for a hearing by an Administrative Law Judge ("ALJ").  AR 19.  The notice further advised Plaintiff that the 60 days began to run five days after the date on the notice.  *Id*.  Thus, Plaintiff had until October 16, 2023 (the first weekday 65 days after the notice was mailed on August 10, 2023)[6] to request an ALJ hearing.  Plaintiff did not request an ALJ hearing by the October 16, 2023 deadline.  On October 27, 2023. Plaintiff filed a Statement of Good Cause for Late Filing.  AR 17.  And, on November 3, 2023, Plaintiff filed a request for an ALJ hearing.[7]  AR 16.

On February 9, 2024, ALJ Michelle Lindsay entered an Order of Dismissal**.**  AR 13–14.  The ALJ found that Plaintiff had not shown good cause for missing the 65-day deadline to ask for an ALJ hearing.  AR 13.  The ALJ noted that Plaintiff stated that she missed the deadline to request a hearing "because she was waiting until she gathered more evidence."  *Id.*  The ALJ found that the desire to gather more evidence did not constitute "good cause for missing the deadline" and dismissed Plaintiff's claim because it was untimely.  AR 13–14.

---

[5] The record also contains Plaintiff's application for Disability Insurance Benefits.  AR 36–37.  All of the remaining documents in the record, however, only refer to Plaintiff's application for SSI.

[6] The 65-day period ended on Saturday, October 14, 2023.  Because this was a Saturday, the deadline is extended until the next business day—here, Monday, October 16, 2023.  *See* Program Operations Manual Systems ("POMS") GN 03101.010(A)(1).

[7] The ALJ's order states that Plaintiff's request for a hearing was filed on November 8, 2023.  AR 13.  However, Box 4 of the form appears to be dated November 3, 2023.  AR 16.  This date discrepancy is not material to the Court's analysis.

4

On March 27, 2024,[8] Plaintiff requested review of the ALJ's unfavorable decision by the Appeals Council.  AR 7–9.  Plaintiff submitted additional medical evidence dated between November 28, 2023 and March 27, 2024.  AR 4.  On June 5, 2024, the Appeals Council denied the request for review.  AR 3–4.  The Appeals Council found that Plaintiff's additional medical evidence did not relate to the relevant time period.[9]  AR 4.  Because the Appeals Council denied the request for review, the ALJ's decision is the final decision in this case.  20 C.F.R. § 416.1481.  The SSA granted Plaintiff additional time—through December 17, 2024—to file her appeal to this Court.[10]  AR 1–2.  Plaintiff's appeal to this Court on December 17, 2024 was therefore timely.  Doc. 1.

## IV.     Analysis

Plaintiff fails to provide any legal basis for this Court to overturn the dismissal of her SSI claim.  *See* Doc. 16.  The Court may only consider issues that Plaintiff has exhausted through the administrative process.  As the Commissioner points out, "[t]he very limited issue before this Court on appeal is whether the ALJ erred by finding there was no good cause for the Plaintiff's failure to timely request an administrative hearing.  That was the only issue for which Plaintiff exhausted her administrative remedies and therefore the only issue on which she could seek judicial review."  Doc. 22 at 6.[11]

---

[8] Plaintiff's Request for Review of Hearing Decision/Order is dated March 27, 2024.  AR 7.  Her letter to the Appeals Council, however, is dated March 29, 2024.  AR 8–9.  This date discrepancy is not material to the Court's analysis.

[9] The relevant time period ran through the date of the ALJ's decision, August 10, 2023.  AR 4.

[10] A claimant has 60 days to file an appeal.  20 C.F.R. § 416.1481.  A claimant may request an extension of time to file an appeal.  20 C.F.R. § 416.1482.

[11] The issue of whether Plaintiff is disabled is not before the Court.  The ALJ never made a substantive decision on Plaintiff's disability.  Therefore, the Court may not consider Plaintiff's

Plaintiff does not argue that the ALJ erred in finding there was no good cause for Plaintiff's failure to timely request an administrative hearing. Thus, Plaintiff offers no argument on the only issue the Court may consider. The Court therefore finds no error and denies Plaintiff's motion.

## V.    Conclusion

IT IS THEREFORE ORDERED that the relief requested in Plaintiff's Opening Brief (Doc. 16) is DENIED.

IT IS FURTHER ORDERED that the Commissioner's final decision is AFFIRMED and this case is dismissed WITH PREJUDICE.

JENNIFER M. ROZZONI
United States Magistrate Judge
Presiding by Consent

---

new providers, new diagnoses, and new treatment that she claims support her application for disability. *See* Doc. 22.